UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20480-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MACHADO,

    Defendant.
_____/

FILED by ____ D.C.
APR 1 2 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL SPECIFIC PERFORMANCE OF PLEA AGREEMENT

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge Robin S. Rosenbaum [DE 48]. Before the Court is Defendant Jose Machado's Motion to Compel Specific Performance of Plea Agreement Pursuant to *Santobello v. New York*, 404 U.S. 257 (1971) [DE 45]. The Government filed a response on April 1, 2013 [DE 47], and the time for filing a reply has passed. The matter is now ripe for disposition. For the following reasons, it is respectfully recommended that the motion be **DENIED**.

### I.    Factual and Procedural Background

On June 26, 2012, Defendant was charged by way of Information with conspiracy to commit bank and wire fraud in violation of Title 18, United States Code, Section 1349, and forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C). *See* DE 1. Defendant faced a statutory maximum penalty of 30 years' imprisonment. *Id.* On June 28, 2012, Defendant signed a waiver of indictment form and entered a plea of not guilty. [DEs

1

11-12.] On July 11, 2012, Defendant changed his plea to guilty. [DE 28.] The plea agreement filed with the Court states in relevant part,

> [i]f in the *sole and unreviewable judgment* of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion if concerned . . . .

[DE 27.]

The Court entered a judgment against Defendant and sentenced him to a term of 18 months in prison to run concurrently with the sentence imposed in 1:11-cr-20112-DLG-8 entered on October 18, 2011, by United States District Judge Donald L. Graham. [DE 28.] Defendant was also ordered to pay $121,997.00 in restitution. [DE 41.]

Defendant has now filed a motion to compel specific performance of the plea agreement. [Def.'s Mtn. to Compel, DE 45]. He asserts that he was initially prosecuted in a case in front of Judge Graham and agreed to assist the Government in the prosecution of a target, in exchange for the Government filing a Rule 35 motion requesting that the court reduce Defendant's sentence. *Id.* Defendant contends that he participated in a number of debriefings with the Government and was not needed to testify against the target in front of the grand jury. *Id.* at 2. Defendant claims that the Government then told him that he would be a more credible witness against the target if he pled guilty to a charge of conspiracy to commit bank and wire fraud in a second case in front of Judge Rosenbaum (12-20480-CR-ROSENBAUM). *Id.* According to the

Defendant, he agreed and sustained a second felony conviction, as well as additional restitution, in exchange for the Government's continued agreement that it would later file a Rule 35 motion. *Id.* Defendant asserts that he and the Government agreed that Defendant would receive a sentencing reduction in his case in front of Judge Graham as well as in his case in front of Judge Rosenbaum. *Id.* As the Government has not filed a Rule 35 on Defendant's behalf, he claims that, pursuant to *Santobello*, the Government must be compelled to fulfill its agreement with Defendant as the Government has obtained the benefit of the bargain it made with Defendant. *Id.* at 2-3.

In its response, the Government argues that the motion to compel should not be granted because Defendant has failed to allege an improper motive behind the Government's decision not to file a Rule 35 motion and because Defendant's cooperation has not actually led to the successful prosecution of another person. [Gov't response, DE 47]. The Government also asserts that the written plea agreement did not guarantee a sentencing reduction for cooperation by Defendant. *Id.* at 2. Finally, the Government points out that Defendant has not provided documentation or an affidavit to support any purported side agreement between the Government and Defendant. *Id.*

## II. <u>Discussion</u>

Defendant relies on the *Santobello* decision as the basis for his motion. In *Santobello*, the prosecutor agreed, as a condition of the defendant's plea agreement, to not provide any sentence recommendation to the court. 404 U.S. at 258. At sentencing, however, a different prosecutor appeared before the judge and recommended the maximum one-year sentence. *Id.* at 259. The Supreme Court found that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. The Supreme Court remanded the case to state court because "the

interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty" so required. *Id.*

In *Wade v. United States*, 504 U.S. 181 (1992), however, the Supreme Court stated that courts have the authority to review a prosecutor's decision not to file a substantial-assistance motion under § 3553(e) or § 5K1.1 only "if they find that the refusal was based on an unconstitutional motive." In other words, a defendant would be entitled to relief "if the prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." *Id.* When a defendant merely claims that he has provided substantial assistance but fails to allege an unconstitutional motive on behalf of the prosecutor, he or she is not entitled to a remedy or even an evidentiary hearing on the matter. *Id.* The same would be true if the defendant simply alleges generally that the prosecutor had an improper motive, but the defendant fails to make a "substantial threshold showing." *Id.*

In *United States v. McNeese*, 547 F. 3d 1307, 1308-1309 (11th Cir. 2008), the Eleventh Circuit applied the *Wade* holding to a situation in which a prosecutor refused to file a Rule 35(b) motion. In *McNeese*, the court did not review whether the prosecutor had erred in refusing to file the motion because the defendant "did not show that the government had unconstitutional motives." *Id.* at 1309.

In a more recent case, *United States v. Acevedo*, No. 08-15195, 2009 WL 297711, at *1 (11th Cir. 2009), that is very similar factually to the case at hand, the defendant filed a motion to compel the government to file a Rule 35(b) motion as he had been verbally promised that such a motion would be filed if he provided information about an unsolved double-homicide. As the defendant did not allege in his motion to compel that the government refused to file a Rule 35(b) motion based on an unconstitutional motive, the court found him ineligible for relief. *Id.* at *2. Additionally, the court found defendant's argument that he had entered into an oral agreement

4

with the government regarding the Rule 35(b) motion to be without merit as defendant "did not attach any documentation to his motion to support the existence of such an agreement." *Id.*

In this case, Defendant has not made a substantial threshold showing that that the Government had an unconstitutional motive in failing to file a Rule 35(b) motion to reduce Defendant's sentence. Moreover, he has not attached any evidence to his motion to support his argument that he had a verbal agreement with the Government that should be enforced pursuant to *Santobello*. The plea agreement that was signed by the parties left the decision regarding whether to file a Rule 35(b) motion in the Government's sole discretion and even explicitly stated that "[t]he defendant acknowledges and agrees, however, that nothing in this agreement may be construed to require this Office to file any such motion(s) . . . ." According to the Supreme Court and Eleventh Circuit case law, since Defendant has merely claimed that he provided substantial assistance to the Government, his motion should be denied without an evidentiary hearing.[1] The *Santobello* holding does not apply to the facts at hand.

### III. Conclusion

For the foregoing reasons, it is hereby respectfully recommended that Defendant Jose Machado's Motion to Compel Specific Performance of Plea Agreement Pursuant to *Santobello v. New York*, 404 U.S. 257 (1971) [DE 45] be **DENIED**. The parties are hereby advised that any objections to this Report and Recommendation must be filed in writing with the presiding District Judge within 14 days. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2).

---

[1] The Court also notes that in Defendant's companion case in front of United States District Judge Donald L. Graham, 11-cr-20112-DLG, Defendant filed the same motion to compel. Judge Graham denied the motion in an order dated April 3, 2013 on the basis that Defendant had failed to assert an unconstitutional motive. *See* DE 492, 11-cr-20112-DLG.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of April, 2013.

/s/ William Matthewman
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE