UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20480-CR-ROSENBAUM/MATTHEWMAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE MACHADO,

        Defendant.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

*Introduction*

This matter is before the Court upon Defendant Jose Machado's Motion to Compel Specific Performance of Plea Agreement Pursuant to *Santobello v. New York*, 404 U.S. 257 (1971) ("Motion to Compel") [D.E. 45], which was previously referred to the Honorable William Matthewman for proposed findings and a recommended disposition. On April 12, 2013, Magistrate Judge Matthewman filed a Report and Recommendation [D.E. 49] recommending that the Court deny the Motion. Machado then timely filed his Objections to the Report and Recommendation [D.E. 50]. The Court has conducted a *de novo* review of the Motion to Compel, the Government's Response, Judge Matthewman's Report and Recommendation, Machado's Objections, and the entire record. After careful consideration, the Court now overrules Machado's Objections and adopts Judge Matthewman's Report and Recommendation.

*Discussion*

Machado objects to Judge Matthewman's reliance on *Wade v. United States*, 504 U.S. 181 (1992), when the Court found Machado failed to make the requisite threshold showing that the Government had an unconstitutional motive in failing to file a substantial assistance motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.  *See* D.E. 50.  According to Machado, no such showing need be made since the facts of this case are not governed by the standard established in *Wade*.  Machado instead directs this Court to another Supreme Court case, *Santobello v. New York*, 404 U.S. 257 (1971), arguing that *Santobello*, not *Wade*, provides the proper framework for considering his motion. *See* D.E. 50 at 4.

After a *de novo* review of the record, the Court now overrules Machado's objection. Machado attempts to distinguish the facts in his case from those in *Wade* by arguing that "*Wade*, unlike the situation currently before the Court, did not involve a plea agreement." D.E. 50 at 3. While Defendant is correct in this respect, that does not help him.

In *Wade*, the Supreme Court did specifically note that the defendant did not claim that the government's decision not to file a substantial-assistance motion was superceded by an agreement. *Wade*, 504 U.S. at 185.  Thus, the *Wade* doctrine restricting judicial review of a prosecutor's decision not to file a Section 5K1.1, U.S.S.G., or Rule 35(b), Fed. R. Civ. P., motion would not apply where the prosecutor had explicitly made an agreement obligating the Government to file such a motion. In other words, where a prosecutor has entered into a plea agreement that specifically restricts his otherwise broad discretion to file a substantial-assistance motion, review under *Santobello* would indeed be triggered.

The Court recognizes that "[w]hen a plea agreement rests in any significant degree on a

2

promise or agreement of a prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. This is not a case, however, where a promise was made and not fulfilled. First, Machado's claim that his case "involves the government's failure to keep an oral promise to the Defendant [to file a Rule 35(b) motion] that induced his guilty plea" is unsupported. D.E. 50 at 4. Defendant did not attach to his motion any documentation or other evidence to support the existence of such an agreement. Nor did Defendant provide any details regarding the alleged agreement other than to badly state in his Objections that he pled guilty "based on an understanding [with the Government] that his cooperation would provide the basis of the Rule 35 sentencing reduction motion to be filed by the Government." *Id*. at 5. Moreover, the Government contends that it "never agreed to any side promises or guarantees." D.E. 47 at 5. In light of Machado's utter failure to provide any evidence whatsoever to support his position, Machado has failed to satisfy his burden to demonstrate the existence of some other agreement.

Insofar as Machado seeks relief based on a perceived breach of his plea agreement, no such "breach" occurred. According to the language to the agreement Machado signed, the Government merely "reserve[d] the right" to make the Defendant's cooperation known to the Court at sentencing. D.E. 27 at 6. The agreement did not bind the Government to file a Rule 35(b) motion; rather, it explicitly left to the Government's "sole and unreviewable judgment" the determination of whether Machado's cooperation warranted such a filing. D.E. 27 at 6.[1]

---

[1] The plea agreement between Machado and the Government provides in relevant part as follows:

> "This Office *reserves the right to evaluate* the nature and extent of the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If *in the sole*

Where a plea agreement affords the Government complete discretion in filing a substantial-assistance motion, the Eleventh Circuit has consistently held that the Government maintains its prosecutorial discretion and does not breach the agreement by failing to file such a motion. *See United States v. Forney*, 9 F.3d 1492, 1499-1501 (11th Cir. 1993) (holding that *Santobello* and general contract principles do not control when the government has not specifically agreed to file a substantial-assistance motion, and, therefore, judicial review the Government's failure to file is confined to the limited grounds articulated in *Wade*). Under such circumstances, a district court may review a prosecutor's failure to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as the defendant's race or religion. *Wade*, 504 U.S. at 185-86; *see also United States v McNeese*, 547 F.3d 1307, 1308-09 (11th Cir. 2008) (applying *Wade* to Rule 35(b) motions).

The Court agrees with Judge Matthewman's application of *Wade* and his finding that Machado has not alleged, let alone made, a substantial threshold showing that the Government had an unconstitutional motive in failing to file a Rule 35(b) motion to reduce Defendant's sentence. Rather, Defendant merely asserts that he provided the Government with substantial assistance that warrants relief. Under Supreme Court and Eleventh Circuit case law, where, as here, a defendant merely claims that he has provided substantial assistance but fails to allege an unconstitutional motive on behalf of the prosecutor, he is not entitled to a remedy or even an evidentiary hearing on

---

> *and unreviewable judgment of this Office* the defendant cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office *may* at or before sentencing make a motion consistent with the intent of Section 5K1.1 . . . or Rule 35 . . . The defendant acknowledges and agrees, however, that nothing in this agreement may be construed to require this Office to file any such motion(s). . . ." D.E. 27 at 6 [emphasis added].

the matter. *Wade*, 504 U.S. at 186.

### *Conclusion*

For the foregoing reasons, the Court agrees with Magistrate Judge Matthewman's Report and Recommendation and finds that Machado's Objections must be overruled. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Matthewman's Report and Recommendation [D.E. 49] is hereby **AFFIRMED and ADOPTED**;

2. Defendant Jose Machado's Motion to Compel Specific Performance of Plea Agreement Pursuant to *Santobello v. New York*, 404 U.S. 257 (1971) [D.E. 45], is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale Florida, this 29th day of April 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
The Honorable William Matthewman
Counsel of record